**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WERNER CO., a Delaware Corporation<br>Plaintiff,<br>v.<br>FRENCHCREEK PRODUCTION, INC., a Pennsylvania Corporation,<br>Defendant. | Case No.<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW, comes Plaintiff Werner Co. ("Werner"), by way of this Complaint against Defendant FrenchCreek Production, Inc. ("FrenchCreek"), alleges as follows:

## NATURE OF THE CASE

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., including 35 U.S.C. § 271, arising from FrenchCreek's actions, including making, using, selling, offering for sale, and/or importing into the United States one or more products that infringe U.S. Patent Nos. 12,129,880 (the "'880 Patent"), 12,129,152 (the "'152 Patent"), 11,807,499 (the "'499 Patent"), and 11,446,526 (the "'526 Patent") (collectively, the "Asserted Patents"), including, without limitation, the 1772 Reusable Concrete Hole Anchor and all products that are substantially similar as they relate to the Asserted Patents (collectively, the "Accused Products").

## THE PARTIES

2. Werner is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 Pierce Road, Suite 300, Itasca, Illinois 60143. Werner also has a place of business located at 61 Executive Court, North Building, West Middlesex, PA 16159.

3. On information and belief, FrenchCreek is a Pennsylvania corporation having a principal place of business at 100 North Thirteenth Street, Franklin, Pennsylvania 16323.

## JURISDICTION AND VENUE

4. Werner's claims arise under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over FrenchCreek because, upon information and belief, FrenchCreek is a domestic corporation organized under the laws of the State of Pennsylvania, has a principal place of business in this judicial district and has made, used, sold, offered for sale and/or imported the Accused Products in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1400(b) because, among other things, FrenchCreek is incorporated in the State of Pennsylvania, has a regular and established place of business in this judicial district, is subject to personal jurisdiction in this judicial district, and has committed acts of infringement in this judicial district.

## BACKGROUND

7. Werner is the world leader in ladders and offers a complete line of climbing products designed for working at heights, including ladders, attic ladders, scaffolding, pump jacks, stages, planks, and step tools. Werner's portfolio also includes accessories and fall protection equipment, including harnesses, lanyards, anchors and compliance kits.

8. Werner invests heavily in ongoing research, development, and facility investment to continually improve its products and technology.

9. Werner is the sole owner of the Asserted Patents.

10. The ’880 Patent is titled “Expansion Bolt and Pivot and Swivel Mechanism Therefor” and was duly and legally issued by the United States Patent and Trademark Office on October 29, 2024. A true and correct copy of the ’880 Patent is attached hereto as **Exhibit A**. The ’880 Patent is valid and enforceable.

11. The ’152 Patent is titled “Expansion Bolt and Pivot and Swivel Mechanism Therefor” and was duly and legally issued by the United States Patent and Trademark Office on October 29, 2024. A true and correct copy of the ’152 Patent is attached hereto as **Exhibit B**. The ’152 Patent is valid and enforceable.

12. The ’499 Patent is titled “Expansion Bolt and Pivot and Swivel Mechanism Therefor” and was duly and legally issued by the United States Patent and Trademark Office on November 7, 2023. A true and correct copy of the ’499 Patent is attached hereto as **Exhibit C**. The ’499 Patent is valid and enforceable.

13. The ’526 Patent is titled “Expansion Bolt and Pivot and Swivel Mechanism Therefor” and was duly and legally issued by the United States Patent and Trademark Office on September 20, 2022. A true and correct copy of the ’526 Patent is attached hereto as **Exhibit D**. The ’526 Patent is valid and enforceable.

14. As the owner of the Asserted Patents, Werner is authorized and has standing to bring legal action to enforce all rights arising from the Asserted Patents.

15. FrenchCreek has made, used, offered to sell, sold, and/or imported into the United States the Accused Products.

16. Werner notified FrenchCreek of its infringement of the Asserted Patents on or around April 27, 2026.

17. FrenchCreek has had actual knowledge of the Asserted Patents and infringement since no later than April 27, 2026.

18. With knowledge of its infringement of the Asserted Patents, FrenchCreek has continued to manufacture, use, offer for sale, sell, and/or import into the United States the Accused Products.

**COUNT I**
**Patent Infringement of the ‘880 Patent**

19. Werner realleges and incorporates the foregoing paragraphs as though fully set forth herein.

20. Werner has the right to enforce the ‘880 Patent and the right to recover damages for infringement.

21. FrenchCreek has directly infringed one or more claims of the ‘880 Patent by making, using, offering to sell, selling, and/or importing the Accused Products.

22. By way of example, and without limitation, the Accused Products infringe claim 1 of the ‘880 Patent.

23. Claim 1 of the ‘880 Patent recites:

> 1. An expansion bolt, comprising:
>
> a base;
>
> a plurality of elongate members extending distally from the base, the elongate members distally terminating in respective spoons, at least one of the elongate members being integrally formed together with its respective spoon as a single piece of material;
>
> a central shaft member extending between the elongate members and terminating in a wedge member, the spoons defining a cavity for receiving the wedge member, the elongate members structured to move outwardly in response to the wedge member moving into the cavity; and

a ring element swivelly attached to the central shaft member, to allow for swivelling the ring element about a longitudinal axis of the central shaft member.

24. The Accused Products include all limitations of claim 1 of the '880 Patent.

25. The Accused Products are an expansion bolt comprising a base.




26. The Accused Products further comprise a plurality of elongate members extending distally from the base, the elongate members distally terminating in respective spoons, at least one of the elongate members being integrally formed together with its respective spoon as a single piece of material.




27. The Accused Products comprise a central shaft member extending between the elongate members and terminating in a wedge member, the spoons defining a cavity for receiving the wedge member, the elongate members structured to move outwardly in response to the wedge member moving into the cavity.




28. The Accused Products comprise a ring element swivelly attached to the central shaft member, to allow for swivelling the ring element about a longitudinal axis of the central shaft member.



29. FrenchCreek knew or should have known that making, using, offering to sell, selling, and/or importing the Accused Products would infringe the '880 Patent. FrenchCreek's past and continued infringement of the '880 Patent has been and continues to be willful and deliberate.

30. Because of FrenchCreek's infringement of the '880 Patent, Werner has suffered and will continue to suffer irreparable harm and monetary damages, which continue to accrue, in an amount to be determined at trial.

31. FrenchCreek's willful infringement will continue unless enjoined by this Court.

## COUNT II
## Patent Infringement of the '152 Patent

32. Werner realleges and incorporates the foregoing paragraphs as though fully set forth herein.

33. Werner has the right to enforce the '152 Patent and the right to recover damages for infringement.

34. FrenchCreek has directly infringed one or more claims of the '152 Patent by making, using, offering to sell, selling, and/or importing the Accused Products.

35. By way of example, and without limitation, the Accused Products infringe claim 1 of the '152 Patent.

36. Claim 1 of the '152 Patent recites:

> 1. An expansion bolt, comprising:
>
> a base;
>
> a plurality of elongate members extending distally from the base, the elongate members distally terminating in respective spoons, at least one of the plurality of elongate members is integrally formed together with its respective spoon as a single piece of material;

a central shaft member extending between the elongate members and terminating in a wedge member, the spoons defining a cavity for receiving the wedge member, the elongate members structured to bend outwardly in response to the wedge member moving into the cavity;

a ring element swivelly attached to the central shaft member, to allow for swivelling the ring element about a longitudinal axis of the central shaft member;

a swivel attachment structured to swivelly attach the ring element about the longitudinal axis of the central shaft member; and

a biasing member for biasing the central shaft member relative to the base,

wherein the central shaft member extends upward through the swivel attachment and past near ends of the elongate member to a top of the expansion bolt.

37. The Accused Products include all limitations of claim 1 of the '152 Patent.

38. The Accused Products are an expansion bolt comprising a base.




39. The Accused Products comprise a plurality of elongate members extending distally from the base, the elongate members distally terminating in respective spoons, at least

one of the plurality of elongate members is integrally formed together with its respective spoon as a single piece of material.




40. The Accused Products comprise a central shaft member extending between the elongate members and terminating in a wedge member, the spoons defining a cavity for receiving the wedge member, the elongate members structured to bend outwardly in response to the wedge member moving into the cavity.




41. The Accused Products comprise a ring element swivelly attached to the central shaft member, to allow for swivelling the ring element about a longitudinal axis of the central shaft member.



42. The Accused Products comprise a swivel attachment structured to swivelly attach the ring element about the longitudinal axis of the central shaft member.




43. The Accused Products comprise a biasing member for biasing the central shaft member relative to the base.




44. The Accused Products' central shaft member extends upward through the swivel attachment and past near ends of the elongate member to a top of the expansion bolt



45. FrenchCreek knew or should have known that making, using, offering to sell, selling, and/or importing the Accused Products would infringe the '152 Patent. FrenchCreek's

past and continued infringement of the ‘152 Patent has been and continues to be willful and deliberate.

46. Because of FrenchCreek’s infringement of the ‘152 Patent, Werner has suffered and will continue to suffer irreparable harm and monetary damages, which continue to accrue, in an amount to be determined at trial.

47. FrenchCreek’s willful infringement will continue unless enjoined by this Court.

**COUNT III**
**Patent Infringement of the ‘499 Patent**

48. Werner realleges and incorporates the foregoing paragraphs as though fully set forth herein.

49. Werner has the right to enforce the ‘499 Patent and the right to recover damages for infringement.

50. FrenchCreek has directly infringed one or more claims of the ‘499 Patent by making, using, offering to sell, selling, and/or importing the Accused Products.

51. By way of example, and without limitation, the Accused Products infringe claim 1 of the ‘499 Patent.

52. Claim 1 of the ‘499 Patent recites:

> 1. A pivot and swiveling mechanism, comprising:
>
> a ring element defining a closed or closeable attachment aperture, the ring element including two spaced apart leg members, the leg members including foot portions that turn to extend toward each other, the foot portions having respective, spaced-apart relatively enlarged ends;
>
> a swivel housing element having a first open end for receiving and at least partially containing the ends of the foot portions within the swivel housing element so that the ring element can be substantially freely rotated about a pivot axis; and
>
> a capping element adapted for interlocking with the first open end of the swivel housing element, the capping element having a bottom

surface portion of radial symmetry about a swivel axis that is distinct from the pivot axis,

wherein the swivel housing element including a first mating structure and the capping element includes a second mating structure complementary to the first mating structure, wherein the first mating structure and the second mating structure are structured to interlock the capping element with the first open end of the swivel housing element to resist pulling the capping element apart from the swivel housing along a longitudinal axis of the swivel housing element,

wherein the swivel housing element has a second open end opposite the first open end, wherein the capping element has a hole therethrough, and further comprising a shaft extending through the hole in the capping element and the first and second open ends of the swivel housing element.

53. The Accused Products include all limitations of claim 1 of the '499 Patent.

54. The Accused Products are a pivot and swiveling mechanism comprising a ring element defining a closed or closeable attachment aperture, the ring element including two spaced apart leg members, the leg members including foot portions that turn to extend toward each other, the foot portions having respective, spaced-apart relatively enlarged ends.




55. The Accused Products comprise a swivel housing element having a first open end for receiving and at least partially containing the ends of the foot portions within the swivel housing element so that the ring element can be substantially freely rotated about a pivot axis.




56. The Accused Products comprise a capping element adapted for interlocking with the first open end of the swivel housing element, the capping element having a bottom surface portion of radial symmetry about a swivel axis that is distinct from the pivot axis.




57. The Accused Products' swivel housing element includes a first mating structure and the capping element includes a second mating structure complementary to the first mating structure, wherein the first mating structure and the second mating structure are structured to interlock the capping element with the first open end of the swivel housing element to resist pulling the capping element apart from the swivel housing along a longitudinal axis of the swivel housing element.

58. The Accused Products' swivel housing element has a second open end opposite the first open end, wherein the capping element has a hole therethrough, and further comprising a

shaft extending through the hole in the capping element and the first and second open ends of the swivel housing element.




59. FrenchCreek knew or should have known that making, using, offering to sell, selling, and/or importing the Accused Products would infringe the ‘499 Patent. FrenchCreek’s past and continued infringement of the ‘499 Patent has been and continues to be willful and deliberate.

60. Because of FrenchCreek’s infringement of the ‘499 Patent, Werner has suffered and will continue to suffer irreparable harm and monetary damages, which continue to accrue, in an amount to be determined at trial.

61. FrenchCreek’s willful infringement will continue unless enjoined by this Court.

**COUNT IV**
**Patent Infringement of the ‘526 Patent**

62. Werner realleges and incorporates the foregoing paragraphs as though fully set forth herein.

63. Werner has the right to enforce the ‘526 Patent and the right to recover damages for infringement.

64. FrenchCreek has directly infringed one or more claims of the ‘526 Patent by making, using, offering to sell, selling, and/or importing the Accused Products.

65. By way of example, and without limitation, the Accused Products infringe claim 1 of the ‘526 Patent.

66. Claim 1 of the ‘526 Patent recites:

> 1. An expansion bolt, comprising:
>
> a housing member defining a longitudinal axis, the longitudinal axis defining axial directions parallel thereto and radial directions perpendicular thereto, the housing member having a base and a plurality of radially spreadable elongate elastic members cantileveredly projecting distally from the base at respective points of joinder of the elongate elastic members to the base, the elongate elastic members distally terminating in respective spoons at respective points of joinder of the spoons to the elongate elastic members;
>
> a central shaft member extending through the housing member and terminating at a distal end thereof in a wedge member, the spoons defining a cavity for receiving the wedge member, the elongate elastic members providing for increasing elastically recoverable radial expansion of the cavity as a consequence of increasing relative axial translation of the wedge member into the cavity; and
>
> a biasing member for biasing the shaft member relative to the housing member in the direction of said increasing relative translation, wherein the elongate elastic members have respective radially defined thicknesses at the points of joinder of the elongate elastic members to the base that are substantially less than the corresponding thicknesses of the base, and the elongate elastic members have respective radially defined thicknesses at the points of joinder of the spoons to the elongate elastic members that are substantially less than the corresponding thicknesses of the spoons, and wherein the housing member is integrally formed as a single piece of material.

67. The Accused Products include all limitations of claim 1 of the ‘526 Patent.

68. The Accused Products are an expansion bolt comprising a housing member defining a longitudinal axis, the longitudinal axis defining axial directions parallel thereto and radial directions perpendicular thereto, the housing member having a base and a plurality of radially spreadable elongate elastic members cantileveredly projecting distally from the base at respective points of joinder of the elongate elastic members to the base, the elongate elastic members distally terminating in respective spoons at respective points of joinder of the spoons to the elongate elastic members.




69. The Accused Products comprise a central shaft member extending through the housing member and terminating at a distal end thereof in a wedge member, the spoons defining a cavity for receiving the wedge member, the elongate elastic members providing for increasing elastically recoverable radial expansion of the cavity as a consequence of increasing relative axial translation of the wedge member into the cavity.




70. The Accused Products comprise a biasing member for biasing the shaft member relative to the housing member in the direction of said increasing relative translation, wherein the elongate elastic members have respective radially defined thicknesses at the points of joinder of the elongate elastic members to the base that are substantially less than the corresponding thicknesses of the base, and the elongate elastic members have respective radially defined thicknesses at the points of joinder of the spoons to the elongate elastic members that are substantially less than the corresponding thicknesses of the spoons, and wherein the housing member is integrally formed as a single piece of material.




71. FrenchCreek knew or should have known that making, using, offering to sell, selling, and/or importing the Accused Products would infringe the ‘526 Patent. FrenchCreek’s past and continued infringement of the ‘526 Patent has been and continues to be willful and deliberate.

72. Because of FrenchCreek’s infringement of the ‘526 Patent, Werner has suffered and will continue to suffer irreparable harm and monetary damages, which continue to accrue, in an amount to be determined at trial.

73. FrenchCreek’s willful infringement will continue unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Werner respectfully prays this Court render judgment in Werner's favor and against FrenchCreek as follows:

A. Judgment that FrenchCreek has infringed the Asserted Patents under 35 U.S.C. § 271;

B. A preliminary and permanent injunction pursuant to 35 U.S.C. § 283, preventing FrenchCreek, its officers, agents, servants, employees, successors, assignees, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with any of them from further infringing the Asserted Patents;

C. An award of damages adequate to compensate Werner for FrenchCreek's patent infringement, and no less than the damages provided under 35 U.S.C. § 284;

D. An award of enhanced damages under 35 U.S.C. § 284;

E. An award of attorneys' fees under 35 U.S.C. § 285;

F. An award of pre-judgment interest, post-judgment interest, and all costs associated with this action; and

G. Any other relief as the Court deems appropriate and just under the circumstances.

## JURY TRIAL DEMAND

Werner demands a trial by jury on all matters and issues properly tried to a jury pursuant to Federal Rules of Civil Procedure 38 and 39, and other applicable federal and state law.

Dated: September 25, 2026

Respectfully submitted,

HOUSTON HARBAUGH, P.C.

By: */s/ Henry M. Sneath*

Henry M. Sneath
PA ID No. 40559
sneathhm@hh-law.com
Three Gateway Center, 22nd Floor
401 Liberty Ave.
Pittsburgh, PA 15222
Telephone: 412-281-5060

*Of Counsel*

Shane A. Brunner
MICHAEL BEST & FRIEDRICH LLP
One South Pinckney Street, Suite 700
Madison, WI 53703
(608) 257-3501
sabrunner@michaelbest.com

J. Ryan Gray
MICHAEL BEST & FRIEDRICH LLP
4509 Creedmoor Road, Suite 501
Raleigh, NC 27612
(984) 220-8750
jrgray@michaelbest.com

*Attorneys for Plaintiff Werner Co.*